**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Joint Administration Pending) |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER ENFORCING**
**SECTIONS 362, 365(e)(1), 525 AND 541 OF THE BANKRUPTCY CODE**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a), 362, 365(e)(1), 525 and 541 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), (a) enforcing and restating the worldwide automatic stay, *ipso facto* and antidiscrimination provisions under the Bankruptcy Code, (b) approving the form and manner of notice related thereto, substantially in the form attached as Exhibit 1 to the Order (the "Notice") and (c) granting certain related relief. The facts and circumstances supporting this Motion are set forth in the concurrently filed *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"). In further support of the Motion, the Debtors respectfully state as follows:

**Background**

1.  On November 11, 2022 and, with respect to Debtor West Realm Shires Inc., on November 14, 2022 (collectively, the "Petition Date"), each of the Debtors filed with the

---

[1] The last four digits of FTX Trading Ltd.'s tax identification number are 3288. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX.

Court a voluntary petition for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 14, 2022, the Debtors filed a motion with the Court pursuant to rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeking joint administration of the Debtors' cases (the "Chapter 11 Cases"). No creditors' committee, trustee or examiner has been appointed in these Chapter 11 Cases.

2. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the First Day Declaration.

### Jurisdiction

3. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a), 362, 365(e)(1), 525 and 541 of the Bankruptcy Code. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

### Relief Requested

4. By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as Exhibit A, (a) enforcing and restating the worldwide automatic stay, *ipso facto* and antidiscrimination provisions under the Bankruptcy Code, (b) approving the Notice and (c) granting certain related relief. The Debtors further seek authority to translate this Motion, the

Order and the Notice if necessary to better inform creditors, governmental units, and interested parties of the relief requested herein.

## Basis for Relief

I. **Restating the Worldwide Automatic Stay, *Ipso Facto* and Antidiscrimination Provisions of the Bankruptcy Code Is Appropriate Where the Debtors' Parties-In-Interest Are Foreign.**

5. As a result of the Debtors' international business operations, the Debtors have many foreign creditors, contract counterparties and other parties-in-interest in countries who may not be well versed in the protections and restrictions of the Bankruptcy Code. Some of these creditors and parties-in-interest do not transact business on a regular basis with companies that have filed for chapter 11. These creditors and parties-in-interest may be unfamiliar with the operation of the worldwide automatic stay and other provisions of the Bankruptcy Code. Upon the commencement of these Chapter 11 Cases, non-U.S. counterparties to certain leases and executory contracts could attempt to terminate such leases or contracts, including pursuant to *ipso facto* provisions in contravention of sections 362 and 365 of the Bankruptcy Code. Similarly, governmental units outside of the United States may, in violation of section 525 of the Bankruptcy Code, deny, suspend, terminate, or otherwise place conditions upon certain licenses, permits, charters, franchises, or other similar grants held by a Debtor that is required for the Debtors' ongoing business operations. Accordingly, the Debtors submit that such circumstances warrant an order apprising all parties—especially non-U.S. governmental units, creditors and vendors—of sections 362, 365(e)(1), 525 and 541 of the Bankruptcy Code and the protections provided thereby.

6. The filing of these Chapter 11 Cases triggered a worldwide automatic stay under section 362 of the Bankruptcy Code that enjoins all persons and all governmental units from, among other things: (a) commencing or continuing a judicial, administrative or other

proceeding against any of the Debtors that was or could have been commenced before these Chapter 11 Cases were filed or recovering upon a claim against any of the Debtors that arose before the commencement of these Chapter 11 Cases or (b) taking any action to collect, assess or recover a claim against any of the Debtors that arose before the commencement of these Chapter 11 Cases. *See* 11 U.S.C. § 362.

7. Section 365(e)(1) of the Bankruptcy Code prohibits, subject to certain limited exceptions, all parties to executory contracts or unexpired leases with the Debtors from, among other things, terminating or modifying any such contract or lease, or any right or obligation under such contract or lease, at any time after the commencement of these Chapter 11 Cases solely because of a provision in such contract or lease that is conditioned on: (a) the insolvency or financial condition of the Debtors at any time before the closing of these Chapter 11 Cases, (b) the commencement of these Chapter 11 Cases or (c) the appointment of a trustee. *See* 11 U.S.C. § 365(e)(1).

8. Similarly, provisions in agreements, transfer instruments or applicable non-bankruptcy law are unenforceable if any such provision "restricts or conditions transfer of such interest by the debtor" or:

> is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title, or on the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.

11 U.S.C. § 541(c)(1).

9. Section 525 of the Bankruptcy Code prohibits and enjoins governmental units, with certain limited exceptions not applicable to these Chapter 11 Cases, from, among other things, denying, revoking, suspending or refusing to renew any license, permit, charter,

franchise, or other similar grant to, condition such a grant on, or discriminate with respect to such a grant against, the Debtors solely because the Debtors: (a) are debtors under the Bankruptcy Code, (b) may have been insolvent before the commencement of these Chapter 11 Cases or (c) may be insolvent during the pendency of these Chapter 11 Cases. *See* 11 U.S.C. § 525.

10. The protections contained in sections 362, 365(e)(1), 525 and 541 of the Bankruptcy Code are self-executing. They constitute fundamental debtor protections that help provide the Debtors with the "breathing spell" necessary to enable a smooth and orderly transition into chapter 11. *See, e.g.*, H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 340 (1977); *In re Atl. Bus. & Cmty. Corp.*, 901 F.2d 325, 327 (3d Cir. 1990) ("The scope of the automatic stay is undeniably broad."); *In re THG Holdings LLC*, 604 B.R. 154, 160 (Bankr. D. Del. 2019) ("The automatic stay is one of the most fundamental protections provided by the Bankruptcy Code, giving the debtor a breathing spell from its creditors. . . . Section 362 states that 'any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate' and 'any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case' is subject to the automatic stay.") (citations omitted).

11. The protections in these provisions extend to protect a debtor's property and contracts wherever they are located and by whomever held. *See In re Nortel Networks, Inc.*, 669 F.3d 128, 138 (3d Cir. 2011) ("Since 1987, United States courts have uniformly upheld the extraterritorial application of the automatic stay.") (citation omitted); *In re NDEP Corp.*, 193 B.R. 710, 712 (Bankr. D. Del. 1995) ("Under Section 541 of the Code, [debtor's] bankruptcy filing [] created an estate composed of all [debtor's] legal or equitable interests as of the

commencement of the case wherever located and by whomever held."). Accordingly, any actions by third parties to modify or terminate contracts or enforce their terms against the Debtors are prohibited absent court approval. *See NLRB* v. *Bildisco & Bildisco*, 465 U.S. 513, 531 (1984) (holding that while the debtor may enforce the terms of the contract against the creditor, the creditor is "precluded from . . . enforcing the contract terms" of an executory contract prior to the assumption by the debtor); *see also U.S. Postal Serv.* v. *Dewey Freight Sys., Inc.*, 31 F.3d 620, 624 (8th Cir. 1994) ("After a debtor commences a Chapter 11 proceeding, but before executory contracts are assumed or rejected under § 365(a), those contracts remain in existence, *enforceable by the debtor but not against the debtor*.") (emphasis in original).

12. Notwithstanding the fundamental, self-executing and worldwide nature of these statutory protections, not all parties affected or potentially affected by the commencement of a chapter 11 case may be aware of their existence. Debtors in bankruptcy often must advise third parties of the existence and effect of sections 362, 365(e)(1), 525 and 541 of the Bankruptcy Code. Occasionally, a chapter 11 debtor has to initiate adversary proceedings in the bankruptcy court to enforce these protections. To avoid such unnecessary actions, and to provide notice to parties unfamiliar with the Bankruptcy Code of the scope and effect of the section 362 worldwide automatic stay, the section 365(e)(1) and 541(c) prohibition against enforcement of *ipso facto* clauses and the section 525 antidiscrimination provision, the Debtors respectfully request entry of the proposed Order restating those provisions. To that end, the Debtors submit that service of the Notice in appropriate circumstances will advance the efficient administration of these Chapter 11 Cases.

13. The Debtors conduct business with parties in jurisdictions worldwide, many of whom are unfamiliar with the U.S. bankruptcy process and the protections afforded to

debtors.  In addition, a significant amount of the Debtors' property is located outside of the United States.  As a result of this, many counterparties may not be familiar with United States bankruptcy law and, absent such an order, may take precipitous action against the Debtors or their property.

14. The Order, by restating the safeguards in sections 362, 365(e)(1), 525 and 541 of the Bankruptcy Code, would help protect the Debtors from unwitting violations of these crucial provisions.  The granting of the relief requested will help ensure that (a) the non-debtor parties to unexpired leases and executory contracts with the Debtors will continue to perform and will not unilaterally terminate their contracts, (b) creditors do not seize the Debtors' assets, impose liens or take any other action in violation of the worldwide automatic stay and (c) foreign governmental authorities do not deny, revoke or suspend any licenses or permits solely because the Debtors are in chapter 11.  It would also spare the Debtors from the burden of commencing adversary proceedings to enforce the protections automatically provided by the Bankruptcy Code.  Consequently, the Order will assist the Debtors in effecting an orderly chapter 11 process.

15. Courts in this district have routinely granted relief similar to the relief requested herein.  *See, e.g.*, *In re EHT US1, Inc.*, No. 21-10036 (CSS) (Jan. 18, 2021), D.I. 53; *In re Mallinckrodt PLC*, No. 20-12522 (JTD) (Oct. 14, 2020), D.I. 215; *In re Skillsoft Corporation*, No. 20-11532 (MFW) (June 16, 2020), D.I. 80; *In re The Hertz Corporation*, No. 20-11218 (MFW) (May 27, 2020), D.I. 184; *In re Ver Techs. Holdco LLC*, No. 18-10834 (KGG) (May 4, 2018), D.I. 230; *In re True Religion Apparel, Inc.*, No. 17-11460 (CSS) (July 6, 2017), D.I. 59.

## Notice

16. No creditors' committee, trustee or examiner has been appointed in these Chapter 11 Cases.  Notice of this Motion will be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Securities and Exchange Commission; (c)

the Internal Revenue Service; (d) the United States Department of Justice; (e) the United States Attorney for the District of Delaware; (f) the parties identified on the Debtors' consolidated list of 50 largest unsecured creditors; and (g) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

### No Prior Request

17.    No prior motion for the relief requested herein has been made to this or any other Court.

### Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as <u>Exhibit A</u>, and (b) grant such other and further relief as is just and proper.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

| | |
|---|---|
| Dated: November 17, 2022<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Adam G. Landis*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>         brown@lrclaw.com<br>         pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>         bromleyj@sullcrom.com<br>         gluecksteinb@sullcrom.com<br>         kranzleya@sullcrom.com<br><br>*Proposed Counsel for the Debtors*<br>*and Debtors-in-Possession* |